Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 2888 | DATE | January 16, 2003 |
| CASE TITLE | | *Solon v. Kaplan* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Solon's objection [72-1] to Magistrate Judge Levin's September 10, 2002, discovery order is overruled. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 03 2003 | |
| | Notified counsel by telephone. | | date docketed | 92 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 0 3 2003

| | |
|---|---|
| JAMES D. SOLON, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 00 C 2888 |
| ) | |
| LARRY S. KAPLAN, FRED C. BEGY, III, ) | |
| and ROBERT C. von OHLEN, individually, ) | |
| and as partners in the firm of KAPLAN, ) | |
| BEGY, & von OHLEN, ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff James Solon has objected to Magistrate Judge Ian Levin's September 10, 2002, oral ruling denying a motion to reconsider his March 19, 2002, order granting the defendants' request for a protective order. For the following reasons, the objection is overruled.

### Discussion

The September 10th ruling was memorialized in an order which denied the motion for the reasons stated in open court. This order was entered on the court's docket on September 11th, and Solon asserts that the order was served on him on September 16th. The defendants first claim that the appeal is untimely because it was filed more than ten business days after the September 10th oral ruling. Rule 72(a) states that, "[w]ithin 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order." Rule 72(a) "contemplates a written order as the trigger that begins the ten day period." *Santelli v. Electro-Motive*, No. 97 C 5702 1999 WL 717824 *1 (N.D. Ill. Aug. 17, 1999). The September 10th order indicates that notices were mailed by the clerk's office, so it is entirely likely that Solon received the order on September 16th. The court declines to expound upon whether



receipt or the order's entry date starts the ten-day appellate clock, as it is irrelevant since Solon's arguments on the merits are not persuasive.

Anyone familiar with the contentious and fractious past history of this case will not be surprised to read that the defendants next raise yet another threshold procedural argument: that Solon's appeal is untimely because an appeal from the denial of a motion to reconsider is really an untimely appeal from the underlying merits ruling. The court disagrees. All rulings in a case at the trial level are interlocutory and subject to revision (using the appropriate standard of review) until a final judgment issues. *See generally Miami Nation of Indians of Indiana, Inc. v. Babbitt*, 112 F. Supp.2d 742, 762 (N.D. Ind. 2000).

It is true that a belated or successive motion to reconsider an order does not extend the time for appellate review of that order. *Gary v. Sheahan*, 188 F.3d 891, 893 (7th Cir. 1999). Instead, it is simply "a motion filed after ten days: it does not restart the clock for appellate review" of the original order. *Id.* The order addressing the motion to reconsider, however, is still reviewable in that this court may determine whether the magistrate judge committed clear error when he denied it. All this is, however, splitting hairs. Regardless of whether the court reviews Magistrate Judge Levin's original order limiting discovery or the order denying the motion to reconsider, Solon still cannot prevail.

The order presently at issue in this case is a protective order which was entered in response to Solon's requests for information about current and former Kaplan, Begy & von Ohlen ("KBV") employees. Solon is a former partner at KBV, and claims that he was a partner in name only and that he was forced out of KBV based on his age and because he investigated incidents of sexual harassment at the firm.

Because the order addresses a nondispositive discovery matter, this court's review is limited to considering whether it was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous when the court is left with the definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997). After carefully reviewing the parties' submissions, the court is not left with a definite and firm conviction that the protective order is clearly erroneous or contrary to law.

With respect to von Ohlen, who allegedly engaged in harassment at KBV, the details relating to his purported harassment of various KBV employees are not germane to Solon's retaliation claim because they are not necessary to show that Solon engaged in protected activity. To prevail on his retaliation claim, Solon needs only to establish that he opposed an employment practice that he believed, in good faith, was unlawful. *See Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 195-96 (7th Cir. 1994). This means he needs to establish what he knew at the time in question. By definition, discovery to learn things he did not know is unnecessary to meet this standard. Magistrate Judge Levin, therefore, did not commit clear error when he found that Solon was not entitled to pursue "inflammatory" and "ancillary" details.

Similarly, pursuing discovery about alleged harassment of former employees is not relevant to Solon's claims that the defendants breached the partnership agreement, breached the covenant of good faith and fair dealing, and breached fiduciary duties. It also does not have any bearing on whether Solon was ousted based on his age.

The court, in short, disagrees with Solon's claim that the magistrate judge's discovery order prevents him from developing and proving his case. Under the liberal standard of review applicable to discovery orders, Solon cannot prevail. His objections are, therefore, overruled.

### Conclusion

Solon's objection [72-1] to Magistrate Judge Levin's September 10, 2002, discovery order is overruled.

DATE: 1-16-03

Blanche M. Manning
United States District Judge