# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2888 | **DATE** | February 20, 2003 |
| **CASE TITLE** | *Solon v. Kaplan* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Begy's request for leave to file his cross-claims is granted but the motion to strike or dismiss the cross-claims [61-1 & 61-2] is granted, and the cross-claims are dismissed without prejudice. Begy shall file amended cross-claims consistent with this order by no later than March 14, 2003. Enter memorandum and order. Begy's motion to disqualify [69-1] is denied. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 28 2003 date docketed | 93 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | CLERK | | |
| RTS | courtroom deputy's initials | 03 FEB 28 AM 8:19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAMES D. SOLON, )
    Plaintiff, )
)
v. ) 00 C 2888
)
LARRY S. KAPLAN, FRED C. BEGY, III, )
and ROBERT C. von OHLEN, individually, )
and as partners in the firm of KAPLAN, )
BEGY, & von OHLEN, )
    Defendants. )

DOCKETED
FEB 2 8 2003

## MEMORANDUM AND ORDER

Plaintiff James D. Solon is a former partner at the Chicago law firm of Kaplan, Begy & von Ohlen ("KBV"). In this wrongful termination action, Solon claims that he was a partner in name only and that KBV forced him out based on his age and because he investigated incidents of sexual harassment within the firm. Defendant Fred Begy is another former KBV partner who involuntarily parted company with KBV in December of 2001. Begy seeks to disqualify counsel for the remaining defendants (KBV partners Larry Kaplan and Robert von Ohlen, plus KBV itself). For the following reasons, the motion is denied.

## Background

From July of 2000 through May of 2002, Fisher & Phillips, LLP, represented Begy in his individual capacity and his capacity as a partner. Fisher & Phillips also represented KBV and KBV partners Kaplan and von Ohlen. When Begy determined that his position was adverse to those of his co-defendants, he retained Michael W. Coffield and Associates to represent him. Fisher & Phillips continues to represent KBV, Kaplan, and von Ohlen. Begy does not want

Fisher & Phillips to represent his partnership interest in KBV and thus seeks to disqualify Fisher & Phillips from representing KBV.

In addition, Begy has filed a cross-claim asserting that he should be indemnified under the partnership agreement. Separate counsel is representing KBV, Kaplan, and von Ohlen in connection with this claim.

## Discussion

Begy invokes Rule 1.9 of the Illinois Rules of Professional Conduct in support of his motion to disqualify, without comment from the other defendants. This court's local rules, however, are applicable in federal court. Local Rule 83.51.9, entitled "Conflict of Interest: Former Client" provides that:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client consents after disclosure.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which the firm with which the lawyer formerly was associated had previously represented a client,

(1) whose interests are materially adverse to that person, and

(2) about whom the lawyer had acquired information protected by LR83.51.6 and LR83.51.9(c) that is material to the matter,

unless the former client consents after disclosure.

(c) A lawyer who has formerly represented a client in a matter or whose present or former law firm has formerly represented a client in a matter shall not thereafter:

(1) use information relating to the representation to the disadvantage of the former client except as LR83.51.6 or LR83.53.3 would permit or require with respect to a client, or when the information has become generally known; or

> (2) reveal information relating to the representation except as LR83.51.6 or LR83.53.3 would permit or require with respect to a client.

Begy's basic point is that Fisher & Phillips represented KBV for almost two years and in connection with that representation, was privy to partnership and strategy meetings and had access to all sorts of confidential information about him and the firm. He claims that having separate counsel for the cross-claim is not enough to cure this problem because Fisher & Phillips is continuing to represent KBV, Kaplan, and von Ohlen in the rest of the case.

In response, KBV, Kaplan, and von Ohlen contend that the motion to disqualify is untimely and unfairly prejudicial. They also argue that, in any event, the motion should fail on the merits because Begy's interests are not materially adverse to theirs and any confidential information relating to Fisher & Phillips' individual representation of him cannot be used against him in the Solon lawsuit. Finally, they assert that Begy's cross claim is irrelevant because it is meritless and KBV, Kaplan, and von Ohlen has separate counsel to represent them in connection with the cross-claim.

The court first finds that Begy did not unduly delay filing his motion to disqualify. KBV fired Begy on New Year's Eve of 2001 and Begy retained counsel the following month, relocated his practice to another firm, changed counsel in May of 2002, and in July, began communicating with KBV, Kaplan, and von Ohlen about the alleged conflict. This time span does not show that Begy was dragging his feet or attempting to disqualify KBV, Kaplan, and von Ohlen's lawyers for tactical reasons.

Second, the court finds that KBV, Kaplan, and von Ohlen's prejudice argument is unpersuasive. Disqualification over a party's objections is neither convenient nor desirable for

the party who loses his lawyer against his will. Nevertheless, these considerations cannot and should not trump the opposing party's right to sit across the table from conflict-free counsel.

Third, Begy's interests are not materially adverse to the interests of the KBV defendants, so disqualification is not warranted on this ground. Begy is not a current partner of KBV but he was a partner at the time of the events that form the basis of the complaint. Regardless of his current employment status, he and the KBV defendants are all potentially on the hook and share a common interest in vigorously defending against Solon's claims. Moreover, the cross-claims for indemnification only come into play if and when Solon prevails. Until then, Begy and the other defendants share the common goal of defeating Solon's claims.

Fourth, the fact that Begy may be liable for 40% of any judgment while Kaplan and Von Ohlen are responsible for 30% each also does not make the interests adverse; everyone still has a shared interest in obtaining the same result. Fifth, the court has carefully studied the complaint and cross-claims, and fails to see how the discovery rulings by the magistrate judge are germane to the cross-claims, let alone how they show that the defendants' interests are adverse.

Sixth, Begy takes issue with actions taken by counsel for the KBV defendants, while the KBV defendants claim that Begy made it impossible to represent him to his satisfaction by asking counsel to do unreasonable things. If Begy doesn't wish to continue with counsel for the KBV defendants because he is dissatisfied with them, the remedy is for him to retain new separate counsel, not to disqualify the other KBV defendants' lawyer.

Seventh, the court agrees with the KBV defendants that Begy has not identified any truly confidential information flowing from Fisher & Phillips' individual representation of him which could be used against him in this case. Begy concedes that the purportedly confidential

-4-

information known to Fisher & Phillips was also available from other sources. He nevertheless suggests that counsel should be disqualified. The court declines to elevate form over substance. The fact that Begy *and* other sources provided Fisher & Phillips with the same information does not require disqualification. The court also reminds Begy that this case concerns Solon's termination, not Begy's subsequent termination. Thus, it is important for Begy to remember that the information at issue all relates to Solon's departure from the firm, not his later falling out with his former partners.

Finally, the court finds that the fact that KBV, Kaplan, and von Ohlen have separate counsel for the main Solon complaint and Begy's cross-claim is enough to address any potential conflict of interest concerns. As noted above, Begy's interests will only be adverse to those of the KBV defendants if and when Solon prevails and Begy wishes to be indemnified. The cross-claim thus has the potential to eventually cause counsel to have a conflict, so it is appropriate to have separate counsel for those claims. As matters currently stand, however, Begy and the KBV defendants all share the goal of defeating Solon's claims. Thus, allowing Fisher & Phillips to continue its representation does not cause any conflict of interest problems. For these reasons, Begy's motion to disqualify is denied.

## Conclusion

Begy's motion to disqualify [69-1] is denied.

DATE: 2-20-03

Blanche M. Manning
United States District Judge

00cv2888.disqualify