# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2888 | **DATE** | July 17, 2003 |
| **CASE TITLE** | *Solon v. Kaplan* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The KBV defendants' motion to strike Begy's amended cross-claim [97-1] is granted in part and denied in part. Specifically, the motion to strike Begy's request for a declaratory judgment is denied, but Begy's cross-claims are dismissed without prejudice so that he may redraft them consistent with this order. Begy shall file his amended cross-claims by no later than August 8, 2003. The KBV defendants' motion for sanctions (made as part of their motion to strike and unsupported by any citations to authority or specific discussion) is denied The court also notes that the general tone of the parties' submissions leaves much to be desired. It is possible to zealously represent a client without resorting to ad hominem attacks, and the court expects counsel to bear this in mind in the future. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | JUL 24 2003 | | 105 |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| ✓ | Copy to judge/magistrate judge. | | | | |
| | | | date mailed notice | | |
| RTS | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES D. SOLON,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     00 C 2888<br>) |
| LARRY S. KAPLAN, FRED C. BEGY, III,<br>and ROBERT C. von OHLEN, individually,<br>and as partners in the firm of KAPLAN,<br>BEGY, & von OHLEN,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) |

**DOCKETED**
JUL 2 4 2003

## MEMORANDUM AND ORDER

The number of days that this dispute between the current partners at the Chicago law firm of Kaplan, Begy & von Ohlen ("KBV") and the ousted former KBV partners has been pending is directly proportional to the level of rancor in the pleadings. The dramatis personæ in this case are defendants Larry Kaplan and Robert von Ohlen (the current partners) and plaintiff James Solon and defendant/cross-claimant Fred Begy (the ousted former partners). In this particularly vituperative installment, Kaplan, von Ohlen, and KBV (the "KBV defendants") seek to dismiss Begy's amended cross-claims. For the following reasons, the amended cross-claim is stricken without prejudice to refiling consistent with this order.

## Discussion

The court will assume familiarity with its prior order addressing the motion to strike Begy's original cross-claim. In that order, the court directed Begy to amend his cross-claim so that it reflected his stated intention to limit his request for indemnification to any losses incurred as a result of Solon's underlying lawsuit. The KBV defendants have identified three ways in

105

which the amended cross-claim purportedly fails to comply with this order. They also contend that Begy's request for a declaratory judgment fails as a matter of law.

## The Scope of Begy's Amended Cross-Claim

According to the KBV defendants, Begy's amended cross-claim contains claims which do not arise solely out of the same occurrence that is the subject matter of Solon's complaint. First, they assert that Begy is continuing to seek indemnification for losses related to his own termination, pointing to paragraphs 34 and 36 of the amended cross-claim. These quoted excerpts do not match up with the cited paragraphs and do not appear to be anywhere in the amended cross-claim.

The court thus turns to the KBV defendants' second argument: that Begy's amended cross-claim seeks indemnification for losses directly related to two purported instances of sexual harassment. Begy's response to this argument is unhelpful, as he simply directs the court's attention to the portions of the amended cross-claim which specifically reference Solon's underlying complaint. On January 16, 2003, the court held that Solon's claims were limited to whether the defendants breached the partnership agreement, breached the covenant of good faith and fair dealing, breached fiduciary duties, retaliated against Solon, or discriminated against him based on his age.

The court thus agrees that a request for indemnification for potential losses arising out of the alleged sexual harassment at KBV goes beyond the scope of Solon's complaint and thus cannot be raised in a cross-claim. This is so even though the alleged instances allegedly were, at least in part, the motivation for Solon's termination. The court's January 16th order goes into greater detail on this point. In short, Begy's cross-claim cannot seek liability for potential losses

-2-

arising from the two instances of purported sexual harassment detailed in the amended cross-claim. Begy must red-line these allegations.

The KBV defendants also take issue with paragraphs 29 and 30 of the amended cross-claim, which refers to "other alleged wrongful acts of von Ohlen that can be included as wrongful acts of a partner" and seeks indemnification for all loss, including any amount arising from Solon's complaint. The court agrees that these allegations go beyond the scope of Solon's complaint because they clearly refer to additional, unspecified wrongdoing by von Ohlen and seek indemnification for loss above and beyond the Solon lawsuit. This means that Begy must omit references to other wrongdoing or indemnification for matters other than those arising from Solon's complaint.

### Begy's Request for a Declaratory Judgment

Finally, the KBV defendants contend that Begy's request for a declaratory judgment fails as a matter of law. The request for a declaratory judgment is based on the KBV partnership agreement, which provides that "in case the Firm shall sustain any loss as a result of the negligence, wrongful act, or wrongful failure to act of any partner, the Firm will, unless at least 75% of the general partners waive this requirement, require such partner to indemnify the Firm for such loss." Begy asserts that this clause is meaningless because, with three partners, it is impossible to obtain a vote of 75% of the partners. In response, the KBV defendants stress that with three people, it is possible to have *at least* 75% of the partners agree if all three agree.

While this argument is facially appealing, the court cannot say at this point in the proceedings that Begy will not be able to establish ambiguity as a matter of law. Moreover, the KBV defendants have failed to establish that Begy's indemnification claim should be dismissed

-3-

outright at this point, or that it is premature for Begy to include his waiver theory at this point. Indeed, if he omitted it and tried to raise it later, the court suspects that the KBV defendants would claim that he had waived it by failing to include it in his cross-claim. Thus, the court denies the motion to strike Begy's request for a declaratory judgment.

## Conclusion

The KBV defendants' motion to strike Begy's amended cross-claim [97-1] is granted in part and denied in part. Specifically, the motion to strike Begy's request for a declaratory judgment is denied, but Begy's cross-claims are dismissed without prejudice so that he may redraft them consistent with this order. Begy shall file his amended cross-claims by no later than August 8, 2003. The KBV defendants' motion for sanctions (made as part of their motion to strike and unsupported by any citations to authority or specific discussion) is denied.

The court also notes that the general tone of the parties' submissions leaves much to be desired. It is possible to zealously represent a client without resorting to ad hominem attacks, and the court expects counsel to bear this in mind in the future.

DATE: 7-17-03

Blanche M. Manning
United States District Judge

00cv2888.AmendedCrossclaim