Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2888 | **DATE** | 3/31/2004 |
| **CASE TITLE** | | Solon vs. Kaplan | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court grants defendants' motion for summary judgment as to Counts I and II of the plaintiff's second amended complaint and dismisses without prejudice Count IV, V, VI for lack of jurisdiction. Additionally, this Court also dismisses without prejudice Count I, II and III of defendant/cross-claimant Fred Begy's second amended cross-claim for lack of jurisdiction. As such, the Court strikes as moot cross-claim defendant's motion for summary judgment and motion to strike. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 3 1 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 177 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES D. SOLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LARRY S. KAPLAN, FRED C. ) | |
| BEGY, III, ROBERT C. von OHLEN, ) | |
| individuals, and KAPLAN, BEGY & ) | |
| von OHLEN, a partnership, ) | |
| ) | |
| Defendants. ) | |
| ) No. 00 C 2888 | |
| FRED C. BEGY, III, ) | |
| ) | |
| Cross-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| LARRY S. KAPLAN, ROBERT C. von ) | |
| OHLEN, JR., individuals, and KAPLAN, ) | |
| BEGY & von OHLEN, a partnership, ) | |
| ) | |
| Cross-Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on defendants Larry S. Kaplan and Robert von Ohlen, Jr., individually, and the law firm partnership of Kaplan, Begy & von Ohlen's (hereinafter collectively "Defendants") motion for summary judgment as to Plaintiff

1

177

James Solon's ("Solon") Second Amended Complaint. Additionally, before this court is cross-claim defendants' Larry S. Kaplan and Robert C. von Ohlen, Jr., individually, and the law firm partnership of Kaplan, Begy, & von Ohlen's (hereinafter collectively "Cross-Claim Defendants") motion for summary judgment as to Defendant/Cross-Claimant Fred C. Begy's Second Amended Cross-Claim and a motion to strike Defendant/Cross-Claimant Fred C. Begy's response in opposition to motion for summary judgment.

For the reasons below, we grant Defendants' motion for summary judgment on Counts I and II of Solon's Second Amended Complaint and dismiss without prejudice Counts IV, V, VI for lack of jurisdiction. Additionally, this court also dismisses without prejudice Counts I, II, and III of Defendant/Cross-Claimant Fred C. Begy's Second Amended Cross-Claim for lack of jurisdiction. As such, the court strikes as moot Cross-Claim Defendants' motion for summary judgment and motion to strike.

## BACKGROUND

On September 1, 1989, Solon became an equity partner in the law firm of Adler, Kaplan, & Begy ("AKB"). On or about January 29, 1993, Solon signed an Amendment and Restatement of the AKB Partnership Agreement (hereinafter "Partnership Agreement") in his capacity as an equity partner of the AKB firm. The Partnership Agreement identified James Solon, John W. Adler, Fred C. Begy III, Larry S. Kaplan, James F. Murphy, Michael G. McQuillen, Terrill E. Pierce and

Robert von Ohlen as equity partners in the AKB firm. Solon contributed $50,000 as a capital contribution to the AKB firm.

In 1994, three of the AKB equity partners - John W. Alder, Michael G. McQuillen, and James F. Murphy - left the AKB law firm. Thereafter, Solon drafted a Separation Agreement which manifested the withdrawal of the three equity partners from the firm effective December 31, 1994. The Separation Agreement stated the remaining equity partners of the AKB law firm - Fred C. Begy III, Larry S. Kaplan, Terrill E. Pierce, Robert von Ohlen, and James Solon - would continue the AKB partnership under the name Kaplan & Begy and would exist in accordance with the previously drafted Partnership Agreement. The Separation Agreement was then signed by all equity partners of the pre-existing AKB law firm, including Solon.

As an equity partner in the Firm, Solon received semi-monthly draws, an allocated share of firm income, and copies of the firm's Daily Cash Reports. Solon also attended compensation meetings with the other partners and signed income distribution forms acknowledging his allocated share of the Firm's profits.

In addition to being an equity partner, Solon also became Kaplan & Begy's managing partner. As Kaplan and Begy's managing partner, Solon signed documents over the title managing partner. In addition, Solon signed letters of credit with LaSalle Bank, held the title of trustee for the Firm's 401(k) plan, signed checks containing partnership income distribution; and prepared financial statements describing the Firm's financial condition.

In 1997, Robert von Ohlen was added as a named partner to the firm, changing the firm name to Kaplan, Begy & von Ohlen (hereinafter "Firm"). Solon continued in his role as managing partner of the Firm through and until January 18, 1998.

On October 15, 1998, partner Fred C. Begy informed Solon that the partners had decided that his partnership interest in the Firm would be terminated effective December 31, 1998.

Solon contends that, Larry S. Kaplan ("Kaplan"), Fred C. Begy III ("Begy"), Robert von Ohlen ("von Ohlen") and the Firm forced him out of the Firm in violation of the Partnership Agreement based on his age and because of his investigation of two sexual harassment incidents. In addition, Solon asserts that Kaplan, Begy, and von Ohlen refused to give him fee-generating files and assigned him administrative matters so he could not accumulate billable hours and further develop his law practice. Finally, Solon claims that his compensation was inadequate and that he is entitled to the return of his initial $50,000 investment in the Firm.

In his six count Second Amended Complaint, Solon claims that the Defendants violated federal claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1964 (Count I) and the Age Discrimination in Employment Act, 29 U.S.C. § 621,*et seq.* (Count II). In addition, Solon brought the following claims under the supplemental jurisdiction

of the court, pursuant to 28 U.S.C. § 1367, which include alleged violations of the Illinois Human Rights Act, 775 ILCS 5/1-101,*et. seq.*, (Count III), including sections 5/1-102 and 5/6-101, claims for breach of the Partnership Agreement and the covenant of good faith and fair dealing (Count IV), and breach of the fiduciary duty of good faith and fair dealing of partners and joint ventures (Count V). Alternatively, Solon seeks an accounting and an order dissolving the partnership and distributing its assets under the Illinois Uniform Partnership Act, 205 ILCS § 205/1 *et. seq.* (Count VI).

On February 9, 2001, in an Order addressing Defendants' Motion to Dismiss Solon's Second Amended Complaint, Judge Blanche Manning dismissed with prejudice the individual capacity claims alleged in Count I and Count II. In addition, Judge Manning dismissed in whole Count III for failure to exhaust administrative remedies.

On August 8, 2003, Defendant/Cross-Claimant Begy filed a Second Amended Cross-Claim for Indemnification (Count I), Declaratory judgment (Count II), and Partner Indemnification (Count III). Begy brought the Second Amended Cross-Claim under the supplemental jurisdiction of the court pursuant to 28 U.S.C. § 1367.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as

5

a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

### Partnership status under the ADEA and Title VII

Before this court may examine the merits of Solon's allegations, this court must first determine whether Solon was an employee under the ADEA and Title VII.

The ADEA protects employees but not employers. 29 U.S.C.A. §§ 623(a)(2), (a)(3); see also *EEOC v. Sidley Austin Brown & Wood*, 315 F.3d 696, 698 (7th Cir. 2002)(stating that the EEOC would have to show that thirty-two partners of the firm were employees before their demotion to establish that the firm had violated the ADEA). Similarly, Title VII protects employees but not employers. 42 U.S.C.A. §§ 2000e-2(a)(1), (a)(2); see also *E.E.O.C. v. Severn Trent Services, Inc.*, 358 F.3d 438, 445 (7th Cir. 2004)(stating that Title VII is applicable to an employer only when the participant he is retaliating against is an employee). Thus, a partner in a firm must first establish that he is an employee in order to seek protection under the ADEA or Title VII. *Severn*, 358 F.3d. at 445.

In addressing whether partners of a partnership should be treated as employers or employees, the Seventh Circuit observed that all partnerships are not created equal, and because of this, all partners may not always be employers for purposes of the federal-discrimination statutes. See *Schmidt v. Ottawa Medical Center, P.C.*, 322 F.3d 461, 464 (7th Cir. 2003)(citing *Sidley*, 315 F.3d at 702); see also *Burke v. Friedmen*, 556 F.2d 867, 869 (7th Cir. 1977)(finding only bona fide partners exempt from the federal-discrimination statutes). Employee status for Title

7

VII and cognate laws protecting employees are determined by the principals of agency law rather than by labels. *Severn*, 358 F.3d at 445(citing *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003); *see also Sidley*, 315 F.3d at 705.) The principals of agency law, as stated by the Supreme Court in *Clackamas*, set forth the following factors to consider when a court determines employee status for purposes of the federal-discrimination statutes: (1) whether the organization can hire or fire the individual or set the rules and regulations of the individual's work; (2) whether and, if so, to what extent the organization supervises the individual's work; (3) whether the individual reports to someone higher in the organization; (4) whether and, if so, to what extent the individual is able to influence the organization; (5) whether the parties intended that the individual be an employee, as expressed in written agreements or contracts; and (6) whether the individual shares in the profits, losses, and liabilities of the organization. *Clackamas Gastroenterology Associates, P.C. v. Wells*, 538 U.S. 440, 123 S.Ct. 1673, 1680 155 L.Ed.2d 615 (2003).

### Solon's Status in the KBV Law Firm

To determine whether Solon was an employer or an employee in the Firm this court now considers those factors set forth by the Supreme Court in *Clackamas*.

On December 31, 1994, Solon identified the equity partners of the Kaplan and

Begy Firm as Begy, Kaplan, Pierce, von Ohlen, and Solon. Pl.'s Rule 56.1 ¶ 11. After Pierce left the Firm sometime in 1996, Solon admits that he, Begy, Kaplan, and von Ohlen were the only remaining equity partners in the Firm through December 31, 1998. Def.'s Ex. F, p. 87, lines14-21.

The Partnership Agreement, § IX, ¶ G states "a decision by a two-thirds vote of the general partners is required for involuntary withdrawal when the best interests of the Firm require such partner to withdraw." Pl.'s Exh. 2, p. 19. In August of 1998, Kaplan, Begy, and von Ohlen, in accordance with the Partnership Agreement, decided by a two-thirds vote of the equity partners, that Solon would no longer remain an equity partner in the Firm. Def.'s Rule 56.1 ¶ 47; Def.'s Exh. F #16. This court finds that the unanimous decision by three of the four equity partners of the Firm satisfied the two-thirds vote necessary to withdraw Solon as a partner from the Firm.

Solon's contention that there was never a unanimous decision to withdraw him as a partner and that even if there was he should have been present at the time the decision was made is without merit. Pl.'s Mem. Opp'n to Summ. J. In a January 13, 1999 Memorandum ("Memo") prepared by Solon entitled "Termination of Partnership Interest", Solon went to great detail to explain his position on the termination of his partnership interest with the Firm. Def.'s Exh. F, #16. In the Memo, Solon states that on October 15, 1998, Begy informed him that the partners chose to terminate his equity interest. Solon further explains that the partners

offered him a proposal in which he was "invited to continue in an administrative capacity as an employee of the firm at a reduced salary, essentially performing the job functions formerly performed by Ray Heniff...". *Id.* Solon explained that he considered the decision of the partners and their proposal, but stated that at that time he felt that "it would be in all of our best interests to wind up my involvement with the firm as expeditiously as possible." *Id.*

Now Solon alleges that the partners never agreed to terminate him and that he wanted to cast a vote in such a decision. Pl.'s Mem. Opp'n to Summ. J. The court finds Solon's allegations inconsistent and untimely, in that the Memo itself admits Solon's partnership interest and equally acknowledges Solon's acceptance that the partners chose to terminate his interest. Def.'s Exh. F, #16. Notwithstanding, Solon presents no evidence that he ever protested or demanded a vote at the time he learned that the partners decided to withdraw him from the Firm or anytime thereafter. Instead, the record reflects that Solon reflected on the partners decision, accepted their decision, and then rejected their offer to stay on with the Firm in a different capacity, that of an employee. Def.'s Exh. F, #16; Pl.'s Ex. F, p. 505, lines 7-11.

With respect to Solon's involvement in the Firm, Solon maintains he was a partner in name only who remained under the control and direction of Begy and the other partners in an administrative position. Pl.'s Rule 56.1 ¶ 13, 18. Yet, after Solon was notified his partnership interest was withdrawn, he refused to continue in

10

the Firm "in an administrative capacity as an employee of the firm at a reduced salary...". Def.'s Exh. F, #16. Solon also maintains that he was not allowed to be an active participant in the partner compensation meetings or discussions concerning his income. However, Solon admits that he attended compensation meetings with the other partners and signed income distribution forms acknowledging his allocated share of the Firm's profits. Def.'s Exh. M. p. 4-6. In addition, as an equity partner in the Firm, Solon received semi-monthly draws and an allocated share of Firm income. Pl.'s Rule 56.1 ¶ 6. Solon also admits that unlike employees of the Firm, he received copies of the Firm's Daily Cash Reports. Pl.'s Rule 56.1 ¶ 16.

Furthermore, between January 1, 1995 and January 18, 1998, Solon admits that he was the managing partner of the Firm. Pl.'s Rule 56.1 ¶ 13. As managing partner, Solon had a pulse on almost every aspect of the partnership including its financial position. For instance, Solon signed off on letters of credit with LaSallle Bank; held the title of trustee for the Firm's 401(k) plan; signed checks containing the partnership income distribution; and prepared statements describing the Firm's financial condition. Pl.'s Rule 56.1 ¶ 13,14.

A telling example of Solon's participation in the Firm occurred on May 31, 1998, when Solon signed a revolving credit agreement with LaSalle National Bank as a guarantor of payment on the agreement. Def.'s Ex. F, #8; Pl.'s Rule 56.1 ¶ 16. Solon, along with Kaplan, Begy, and von Ohlen, each individually signed the credit agreement document over the title of partner. *Id.*

This court rejects Solon's contention that he was under the control and direction of Begy and the other partners in an administrative position. Instead, this court finds that Solon was a full and active participating partner in the Firm.

Finally, Solon's status as a partner as expressed in the Firm's written agreements is not disputed. Solon admits that the Partnership Agreement, which he drafted, explicitly names him as an equity partner in the Firm. Pl.'s Rule 56.1 ¶ 4. Furthermore, as explained above, Solon held himself out as an equity partner on numerous occasions in documented financial statements. Def.'s Ex. F, # 8; Pl.'s Rule 56.1 ¶ 16. The facts above also undisputedly show that Solon shared in both the profits and losses of the Firm, and was liable for the Firm's debts. Moreover, Solon individually contributed $50,000 as capital to the Firm. Pl.'s Rule 56.1 ¶ *See Schmidt*, 322 F.3d at 464(citing *Sidley*, 315 F.3d at 703)(explaining that qualities indicative of partners include evidence that the partners' income included a share of firm profits; that the partners made capital contributions to the firm; that the partners were liable for firm debts; and that the partners had some administrative or managerial responsibilities); Pl.'s Rule 56.1 ¶'s 5,6,7, 16; Def.'s Exh. M. p. 4-16.

During Solon's tenure with the Firm, he was identified as a partner, treated as a partner, participated as a partner, and was eventually removed as a partner by his fellow partners. Solon's status as a partner/employer of the Firm and not an employee of the Firm precludes him from protection under both Title VII and the ADEA. *Severn*, 358 F.3d at 445.

This court finds no genuine issue as to any material fact that Solon was a partner in the Firm. This court also finds that no reasonable jury could find that Solon was an employee of the Firm.

Even if Solon was able to establish that he was indeed an employee and not a partner, which he has failed to do, summary judgement would still be appropriate in that Solon has failed to set forth a sufficient prima facie case under either the ADEA or Title VII claim. *See Sledd v. Lindsay,* 102 F.3d 282, 288-289 (7th Cir. 1996)(stating that once the parties have been able to develop a record suitable for summary judgment motions, the district court will be in a far better position to see if the Plaintiff can back up his allegations with anything that entitles him to a trial). With respect to the ADEA claim, the court notes that Solon in his response to Defendant's motion for summary judgment admits that discovery has failed to produce direct evidence of age discrimination. Pl.'s Resp. Summ. J. p. 2. Moreover, Solon has offered this court no indirect evidence that he could establish all of the elements of a prima facie case of Age Discrimination under the accepted *McDonnell Douglas* test. *See Baron v. City of Highland Park,* 195 F.3d 333, 338 (7th Cir. 1999)(citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-03, (1973)(stating if an ADEA plaintiff is unable to proffer direct evidence to prove the discrimination claim, he may attempt to establish his case with circumstantial evidence and rely on the familiar *McDonnell Douglas* burden-shifting model). With regard to Solon's Title VII claim, this court finds that Solon has not sufficiently

addressed the prima facie elements of Title VII, instead choosing to proceed piecemeal by asking this court to jump to a pretext analysis. Pl.'s Resp. Summ. J. p. 2.

Therefore, we grant the Defendant's motion for summary judgment on both Counts I and II of Solon's Second Amended Complaint.

### Solon's Remaining Counts

In granting summary judgment as to Counts I and II of Solon's Second Amended Complaint, this court notes that the remaining Counts - Counts IV, V, and VI - are all state claims that were brought into the action under the supplemental jurisdiction of the court, pursuant to 28 U.S.C. § 1367.

The Seventh Circuit has stated that where a court dismissed a federal claim and the sole basis for invoking federal jurisdiction is now nonexistent, that court should not exercise supplemental jurisdiction over remaining state law claims. *See Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003); *see e.g. Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)("[T]he general rule is that once all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolv[e] them on the merits.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Following *Aztar*, this court relinquishes jurisdiction over Solon's remaining

state law claims and as such dismisses Counts IV, V, and VI without prejudice. 351 F.3d at 300.

**Defendant/Cross-Claimant Fred C. Begy's Second Amended Cross-Claim**

Defendant/Cross-Claimant Fred C. Begy's Second Amended Cross-Claim contains a total of three claims which include relief for Indemnification (Count I), Declaratory Judgment (Count II), and Partner Indemnification (Count III). No Count in the Cross-Claim is a Federal Claim. Instead, as stated in the Second Amended Cross-Claim ¶ 3, all of the claims were brought into the action under the supplemental jurisdiction of the court, pursuant to 28 U.S.C. § 1367.

For the same reasons stated above, this court now relinquishes jurisdiction over Defendant/Cross-Claimant Fred C. Begy's Second Amended Cross-Claim and as such dismisses Counts I, II, and III without prejudice. See *Aztar*, 351 F.3d at 300.

**Cross-Claim Defendant's Motion for Summary Judgement and Motion to Strike.**

With respect to the court's dismissal without prejudice of Counts I, II, and III of Defendant/Cross-Claimant Fred C. Begy's Second Amended Cross-Claim, the court strikes as moot Cross-Claim Defendant's motion for summary judgment and motion to strike.

## CONCLUSION

Based on the foregoing analysis, this court grants Defendants' motion for

summary judgment on Counts I and II of Solon's Second Amended Complaint and dismisses without prejudice Counts IV, V, VI for lack of jurisdiction. Additionally, this court also dismisses without prejudice Count I, II, and III of Defendant/Cross-Claimant Fred C. Begy's Second Amended Cross-Claim for lack of jurisdiction. As such, the court strikes as moot Cross-Claim Defendant's motion for summary judgment and motion to strike.

*[signature]*
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 31, 2004