# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2888 | **DATE** | 7/22/2004 |
| **CASE TITLE** | James Solon vs. Larry Kaplan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the defendants' bill of costs is denied in part and granted in part. The defendants are ordered to prepare a new bill of costs in accordance with the Court's memorandum opinion dated 07/22/04. The plaintiff is given one week after the defendants' file their new bill of costs to file any objections. The defendants are then given one week thereafter to file their reply in support. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 23 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 190 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| MW | courtroom deputy's initials | 2004 JUL 22 PM 8:13 FILED | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES D. SOLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LARRY S. KAPLAN, FRED C. BEGY, ) | |
| III, ROBERT C. von OHLEN, individuals, ) | |
| and KAPLAN, BEGY & von OHLEN, ) | |
| a partnership, ) | |
| ) | |
| Defendants. ) | |
| ) | Case No. 00 C 2888 |
| FRED C. BEGY III, ) | |
| ) | |
| Cross-Claimant, ) | |
| ) | |
| v. ) | |
| ) | |
| LARRY S. KAPLAN, ROBERT C. ) | |
| von OHLEN, JR., individuals, and ) | |
| KAPLAN, BEGY & von OHLEN, a ) | |
| partnership, ) | |
| Cross-Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

    This matter is before the court on Plaintiff James D. Solon's ("Solon") request that the court deny or reduce certain costs requested in Defendants' bill of costs, pursuant to the Federal Rule of Civil Procedure Rule 54(d) and 28 U.S.C. § 1920.

1

For the reasons stated below, we deny the bill of costs in part and grant it in part and order Defendants to prepare a revised bill of costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 54 provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920 a court can tax as costs: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. . . ." 28 U.S.C. § 1920. Pursuant to Local Rule 54.1 transcript costs should not exceed the rates set forth by the Judicial Conference of the United States. In awarding costs to a prevailing party a court should determine: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable."*Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). In making such determinations the court should keep in "mind that there is a heavy presumption in favor of

awarding costs to the prevailing party." *Id.*

## DISCUSSION

I. Deposition Transcripts

Solon objects to costs associated with the deposition transcripts copy rate, exhibit copy costs, delivery costs, and videotaping costs.

A. Copying Costs

Solon objects to the charges Defendants requested for deposition transcript copies. The Judicial Conference has established rates for such transcripts at $3.30 per page for an original transcript and $0.83 per page for the first copy. *Shaffer v. Combined Ins. Co. of Am.*, 2004 WL 542516, *1 (N.D. Ill. 2004). Defendants have indicated that the cost for a copy of Larry Kaplan's deposition transcript was $2.05 per page, that the cost for a copy of Fred Begy III's deposition transcript was $2.35 per page, and that the cost for copies of Tobert von Ohlen's deposition transcript and Linda Stephney's deposition transcript was $2.35 per page. Defendant has not responded in its reply brief to these cost objections by Solon. We find that the proper rate per page for the copies of the above mentioned deposition transcripts should be $0.83 per page.

3

## B. Deposition Exhibit Copies

Kaplan has proven the necessity of the deposition exhibit copies. Costs for exhibits are recoverable if they are an essential aid to understanding an issue in the case. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). We find that the deposition exhibits were essential in determining whether to grant Defendants' summary judgment motion. Therefore, the $27.80 for the exhibits is recoverable.

## C. Deposition Delivery Charges

Solon further refutes the deposition delivery charges. In accordance with the Judicial Conference guidelines, costs of the delivery of transcripts cannot be recovered as ordinary business expenses. *Egebergh v. Village of Mt. Prospect*, 2004 WL 868643, *2 (N.D. Ill. 2004). Defendants do not argue in their reply that they are entitled to costs for delivery expenses. Thus, the delivery charges totaling $53.00 are denied as costs.

## D. Deposition Videotaping

Solon contests Defendants' recovery for the videotaping of Solon's and Larry Kaplan's depositions. Deposition videotaping can be taxable. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). However, such costs can only charged where they are a substitute for transcript costs. *Id.* Defendants do not argue in their reply that they

are entitled to recover costs for the videotaping and do not deny that they ordered transcripts for the depositions in questions. Hence, the videotaping costs are denied.

## II. MinU-Scripts and Disks

Solon further contends that costs for MinU-Scripts, ASCII disks and Rough ASCII disks are not taxable. Solon is correct, as costs incurred for computer-based, condensed deposition transcripts are generally not recoverable if they are merely for the attorney's convenience. *Weeks v. Samsung Heavy Indus. Co., Ltd*, 126 F.3d 926, 946 n. 11 (7th Cir. 1997). Defendants do not argue in their reply that they are entitled to recover the costs for the MinU-Scripts and the disks. Therefore, we deny recovery for these items.

## III. Administrative Fees

Solon also contests the administrative fees. Administrative fees are non-recoverable ordinary business expenses. *Angevine v. WaterSaver Faucet Co.*, 2003 WL 23019165, *5 (N.D. Ill. 2003). Defendants do not argue in their reply that they are entitled to recover for these expenses. Therefore, we deny the cost for administrative fees.

## IV. Photocopying

Solon objects to the copying costs for outside photocopying and for in-house

photocopying.

### A. Outside Photocopying

Solon contends that Defendants' request for outside photocopying cannot be recovered as costs. The burden is on the party seeking recovery to prove the photocopied items were necessary. *Ochana v. Flores*, 206 F.Supp.2d 941, 946 (N.D. Ill. 2002). Defendants correctly point out that they are not required to provide such a detailed report for copying costs as to make it impracticable to seek recovery for the copies. *Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co*, 924 F.2d 633, 643 (7th Cir. 1991). Defendants have provided sufficient documentation to justify the copying costs for outside copying charges.

### B. In-house Photocopying

Solon additionally contests Defendants' in-house copying charges. As stated above, six sets of copies is appropriate under the circumstances. We do not find that the in-house rate of $0.15 per page charged by Defendants is excessive. *See Fait v. Hummel*, 2002 WL 31433424, at *5 (N.D. Ill. 2002).

### V. Expedited Transcript of Magistrate Judge Hearing

Solon requests the court deny transcripts at the expedited rate and contends that the cost should be calculated at the regular rate. The Judicial Conference has

authorized a rate of $3.30 per page for original transcripts, and $4.40 per page for expedited transcripts. *Williams v. Thresholds, Inc.*, 2003 WL 22478784, *2 (N.D. Ill. 2003). Defendants have only provided an explanation for the expedited rates in regards to the order for a transcript of the March 19, 2002 hearing (Tab M). We accept Defendants' reasoning in regards to that transcript, but no other hearing transcripts may be calculated at the expedited rate.

VI. Travel Expenses

Finally, Solon contests Defendants' recovery of travel expenses for attorney Joel Rice. Attorney travel expenses are not among the listed recoverable items in 28 U.S.C. § 1920 and are cannot be recovered as costs. *See Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997)(stating that "costs, outlays for travel and related expenses by attorneys and paralegals . . . are not listed in 28 U.S.C. § 1920 and therefore may not be reimbursed as costs."). We do not find that such travel expenses are appropriate as costs.

## CONCLUSION

Based on the foregoing analysis, we limit the costs for copies of the deposition transcripts of Larry Kaplan, Fred Begy III, Tobert von Ohlen, and Linda Stephney to $0.83 per page. We grant costs for the deposition exhibit transcripts. We deny costs for the delivery of the deposition transcripts. We deny recovery for the deposition

videotaping. We deny recovery for the MinU-Scripts, ASCII disks and Rough ASCII disks. We deny recovery for the administrative fees. We grant the costs for the outside and in-house photocopying. We will allow an expedited rate only for the transcript of the March 19, 2002 hearing before the magistrate judge and all other hearing transcripts must be taxed at the regular rate. We deny the request to recover travel expenses. Defendants are ordered to prepare a new bill of costs in accordance with this opinion. Solon must submit any objections to the new bill of costs one week thereafter, and if there are objections, Defendants must reply one week after the objections are filed.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 22, 2004